Randy W. **WHITE**; Kevin Duyn,
Plaintiffs–Appellants,

v.

State of **NEVADA**; Nevada Department
of Corrections; Cherie Scott; Mark
Andrews; Glen Whorton, Defendants–
Appellees.

No. 07–16457.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2009.*

Filed Feb. 20, 2009.

Jeffrey A. Dickerson, Esquire, Reno, NV, for Plaintiffs–Appellants.

Janet Ellen Traut, Senior Deputy Attorney General, AGNV—Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: D.W. NELSON, W. FLETCHER and TALLMAN, Circuit Judges.

MEMORANDUM **

Randy White and Kevin Duyn appeal the district court's order granting summary judgment in favor of all defendants in their claim under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

White was, and Duyn is, a Correctional Officer employed by the Nevada Department of Corrections ("DOC"). They claim they suffered adverse employment actions in retaliation for speaking out against certain payroll policies regarding overtime pay for working on Christmas Day in 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

White alleges he was subject to a pretextual investigation and threatened with termination for leaving his cell phone unattended in the yard of Nevada's Lovelock prison, a violation of the prison's security policies. He resigned rather than be terminated, and argues this "constructive discharge" was retaliation for his protected speech. Duyn claims he has been subjected to a hostile work environment.

To prevail on a § 1983 claim of First Amendment retaliation, a plaintiff must establish: "(1) that he or she engaged in protected speech; (2) that the employer took 'adverse employment action'; and (3) that his or her speech was a 'substantial or motivating' factor for the adverse employment action." *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir.2003). For speech to be protected, it must be a matter of public concern. *Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). We review this question of law *de novo*, considering the "content, form, and context of a given statement." *Id.* at 147–48, 103 S.Ct. 1684.

White and Duyn have failed to prove their speech was a matter of public concern. Their complaints regarding the payroll policy arise from an "individual personnel dispute[ ] and grievance[ ]" and would be of no relevance to the public's evaluation of the performance of the DOC. *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir.1983) (citing *Connick*, 461 U.S. at 147, 103 S.Ct. 1684); *see also Havekost v. U.S. Dep't of the Navy*, 925 F.2d 316, 319 (9th Cir.1991) (finding the circulation of a petition arising from "an internal dispute over the Navy's dress code, scheduling, and responsibility for certain lost commissary profits" were "the minutiae of workplace grievances" of no more public concern "as would be the length and distribution of coffee breaks").

Though widespread problems of compensation and funding can constitute matters of public concern if they affect general functioning or safety, *see McKinley*, 705 F.2d at 1114–15, plaintiffs here have not alleged such facts. They make no argument that failure to pay overtime wages on Christmas 2004 impairs the safe and effective operations of the DOC. Moreover, any efforts to change DOC policy were made pursuant to their official duties rather than their rights as private citizens. *See Garcetti v. Ceballos*, 547 U.S. 410, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). "[W]hile the First Amendment invests public employees with certain rights, it does not empower them to 'constitutionalize the employee grievance.'" *Id.* at 420, 126 S.Ct. 1951 (quoting *Connick*, 461 U.S. at 154, 103 S.Ct. 1684).

In examining the form and context of their speech, "we focus on the *point* of the speech," *Chateaubriand v. Gaspard*, 97 F.3d 1218, 1223 (9th Cir.1996), looking to such factors as the "employee's motivation and the audience chosen for the speech." *Gilbrook v. City of Westminster*, 177 F.3d 839, 866 (9th Cir.1999). The record reveals White and Duyn's motivation was simply to secure more overtime pay through the internal grievance process, rather than to fundamentally change DOC policies through public debate. Moreover, unlike in *McKinley*, the speech here was not "purposefully directed to the public." 705 F.2d at 1115. White and Duyn's claim that their appeal went "outside" the DOC grievance process to the Employment Management Committee is unavailing. The Committee's review of applicable Nevada statutes and DOC policies was in no way calculated to inform or engage the public. *See Havekost*, 925 F.2d at 319 (finding no matter of public concern where "Havekost made no attempt to reach the general public"). Although the fact White and Duyn "expressed [their] views inside [their] office, rather than publicly, is not dispositive," *see Garcetti*, 547 U.S. at 420,

**898**

126 S.Ct. 1951, the locus of their speech is one factor indicating it was not a matter of public concern.

Because these complaints about holiday overtime pay did not constitute protected speech, we need not scrutinize the reasons for any adverse actions. *See Connick*, 461 U.S. at 146, 103 S.Ct. 1684. White and Duyn cannot establish a *prima facie* case under § 1983. The district court properly granted summary judgment in favor of all defendants.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.